IN RE Matter of DOCUMENTS TEN-
DERED FOR FILING THAT FAIL
TO COMPLY WITH CERTAIN
RULES OF APPELLATE PROCE-
DURE

### Supreme Court Case No. 94S00-1705-MS-300

Supreme Court of Indiana.

5/10/2017

Standing Order Regarding "Notice of
Defect" for Certain Defective
Documents

Since November 2, 2006 and as periodi-
cally revised,[1] this Court, in collaboration
with the Court of Appeals and Tax Court,
has issued standing orders authorizing the
Clerk of the Indiana Supreme Court,
Court of Appeals, and Tax Court ("Clerk")
to issue a "Notice of Defect" instead of
immediately rejecting documents that are
timely tendered for filing but do not com-
ply with certain requirements of the
Indiana Rules of Appellate Procedure. To-
day we revise the standing order to reflect
subsequent amendments made to the
Indiana Rules of Appellate Procedure. Our
February 22, 2012 order is now supersed-
ed and is no longer in effect.

This order applies to a document that is
timely tendered for filing but does not
comply with the Indiana Rules of Appel-
late Procedure because:

- One or more of the following items is
missing, insufficient, or incomplete:

 (1) A certificate of service, see Ind.
 Appellate Rules 24, 57(G)(7),
 68(F);

 (2) A necessary word count certificate,
 see App. Rs. 34(G)(2), 44(E) & (F),
 54(E), 57(G)(6);

(3) A required signature and/or identi-
fying information, see App. Rs.
23(E) 46(A)(9), 46(B), 68(H);

(4) A required Table of Contents or
Table of Authorities, see App. Rs.
46(A)(1) & (2), 46(B), 46(E)(1),
50(A)(2), 50(B)(1), 50(C), 57(G)(2);

(5) For the first document filed after
the Notice of Appeal by a party
proceeding in forma pauperis, the
material required by Appellate
Rule 40(C);

(6) For a motion to proceed in forma
pauperis, a copy of any affidavit
supporting the request to proceed
in forma pauperis that was filed
with the trial court or an affidavit
conforming to Form #App. R. 40-
2; or a copy of the order setting
forth the trial court's reasons for
denying the in forma pauperis
status on appeal;

(7) For an Appearance, information
required by Appellate Rule 16(B);

(8) For an Appendix, a verification of
accuracy, see App. Rs. 50(A)(2)(i),
50(B)(1)(f);

(9) For an Appellant's Brief, an ac-
companying copy of the trial
court's written opinion, memoran-
dum of decision, or findings of fact
and conclusions relating to the is-
sue(s) raised on appeal, see App.
R. 46(A)(12);

(10) For an Appellant's Brief in a
criminal appeal where the sen-
tence is at issue, an accompany-
ing copy of the sentencing order,
see App. R. 46(A)(12);

(11) For a Petition to Transfer, a brief
statement, set out by itself on the
page immediately following the
front page, identifying the issue,
question presented, or precedent

1. March 7, 2007, January 2, 2008, and most recently, February 22, 2012.

warranting transfer, *see* App. R. 57(G)(1);

(12) For a Petition for Review or brief in response, a brief section entitled *Reasons for Granting or Denying Review*, set out by itself immediately before the *Argument* section, explaining why review should or should not be granted, *see* App. R. 63(I).

● One or more of the following prohibited items is included:

(13) Argument or other material inappropriate for an Appendix, *see* App. Rs. 50(A), 50(B);

(14) For any Brief, any additional documents, other than the appealed judgment or order, *see* App. Rs. 46(F), 46(H);

(15) For any document, information excluded from public access when the document is not accompanied by a Notice to Maintain Exclusion from Public Access; *see* App. R. 23(F)(3); or

● The document is otherwise defective because:

(16) One or more "form" violations exist, *see* App. Rs. 23(E), 34(G), 43, 51, 54(F), 63(I); and/or

(17) The document was conventionally filed but should have been electronically filed through the Indiana E-Filing System, *see* App. R. 68(C).

When the Clerk receives a document that is noncompliant for one or more of these reasons, the Clerk shall stamp the document and any copies as "received" (but not filed) as of the date it would have been deemed filed but for the defect(s). *See* App. R. 23(D). The Clerk shall then send a "Notice of Defect" similar in form and substance to that attached to this order, to the attorney or pro se party that tendered the document, shall serve all other parties with a copy of the Notice of Defect, and shall note the transmission of the Notice of Defect on the docket if a cause number has been assigned to the matter.

If the attorney or pro se party corrects the defect(s) by the deadline provided in the Notice of Defect, and if the corrected document fully complies with the Appellate Rules in all other respects, the document shall be deemed filed as of the date the corrected document is filed with the Clerk's Office pursuant to Appellate Rule 23(A) and shall be deemed timely for purposes of any applicable filing deadline. Any corrected document shall be served upon all other parties pursuant to Appellate Rule 24. Any time period for other parties to respond to the defective document shall be computed from the date the corrected document is served, *see* App. Rs. 24, 25(C).

If the attorney or pro se party fails to submit a fully compliant corrected document by the deadline provided in the Notice of Defect, the Clerk shall return the tendered document and all copies to the attorney or pro se party with a form "Notice of Return," shall serve all other parties with a copy of the Notice of Return, and shall note the return of the document and transmission of the Notice of Return on the docket if a cause number has been assigned to the matter.

This order does not restrict the Clerk from notifying an attorney or pro se party of a defect by other means if such notification and correction can be accomplished more expeditiously without prejudice to the other parties.

Attachment

**64** 

## Notice of Defect

To:

Re:

$\underline{\hspace{3cm}},$
. Name of document

tendered on _____

for filing in _____.

Case name and cause number if applicable

This is to notify you that the above-referenced document you tendered for filing is defective in the following respect(s):

Missing, Insufficient, or Incomplete Items

☐ The document lacks a certificate of service or the certificate of service is insufficient, *see* App. Rs. 24, 57(G)(7), 68(F);

☐ The document lacks a necessary word count certificate, *see* App. Rs. 34(G)(2), 44(E) & (F), 54(E), 57(G)(6);

☐ The document lacks a required signature and/or identifying information, *see* App. Rs. 23(E), 46(A)(9); 46(B), 68(H);

☐ The document lacks a required Table of Contents or Table of Authorities, *see* App. Rs. 46(A)(1) & (2), 46(B), 46(E)(1), 50(A)(2), 50(B)(1), 50(C), 54(F); 57(G)(2);

☐ You are proceeding *in forma pauperis*, the document being filed is the first document you are filing in the case after the filing of the Notice of Appeal, and you have failed to file the material required by Appellate Rule 40(C); namely one of the following: (1) the trial court's authorization allowing you to proceed *in forma pauperis* on appeal; (2) an affidavit stating that you were permitted to proceed *in forma pauperis* in the trial court and that the trial court has made no certification or finding revoking authorization to proceed *in forma pauperis* (*see* App. R. 40(A)(3)); or (3) a motion to the Court on Appeal to proceed *in forma pauperis*.

☐ The motion is an App. R. 40(A)(4) motion to the Court on Appeal to proceed *in forma pauperis* and lacks:

☐ a copy of any affidavit supporting your request to proceed *in forma pauperis* that was filed in the trial court, or an affidavit conforming to Form #App. R. 40-2;

☐ a copy of the order setting forth the trial court's reasons for denying your *in forma pauperis* status on appeal;

☐ The document is an Appearance and is missing information required by Appellate Rule 16(B);

☐ The document is an Appendix and does not contain a verification of accuracy, *see* App. Rs. 50(A)(2)(i), 50(B)(1)(f);

☐ The document is an Appellant's Brief and is not accompanied by a separate PDF of the trial court's written opinion, memorandum of decision, or findings of fact and conclusions relating to the issue(s) raised on appeal, *see* App. R. 46(A)(12);

☐ The document is an Appellant's Brief in a criminal appeal in which the sentence is at issue and is not accompanied by a separate PDF of the sentencing order, *see* App. R. 46(A)(10);

☐ The document is a Petition To Transfer and does not contain a brief statement, set out by itself on the first page after the cover, identifying the issue, question, or precedent warranting transfer, *see* App. R. 57(G)(1);

☐ The document is a Petition for Review or brief in response thereto and does not contain a brief section entitled *Reasons for Granting or Denying Review*, set out by itself immediately before the *Argument* section, explaining why review should nor should not be granted, *see* App. R. 63(I).

Prohibited Items Included

☐ The document is an Appendix and contains argument or other material inappropriate for an Appendix, *see* App. Rs. 50(A), 50(B);

☐ The document is a Brief and contains additional documents that may not be contained within the Brief, see App. Rs. 46(F), 46(H);

☐ The document includes information excluded from public access and is not accompanied by a Notice to Maintain Exclusion from Public Access, see App. R. 23(F)(3);

Other Defects

☐ One or more "form" violations exist with regard to one or more of the following:

 ☐ Page Size, *see* App. R. 43(B) and/or, 54(F);

 ☐ Document production, *see* App. Rs. 43(C),51(A), and/or 54(F);

 ☐ Spacing, *see* App. R. 43(E) and/or 54(F);

 ☐ Page numbering, *see* App. Rs. 23(F)(3)(b), 34(G), 43(F) and/or 51(C);

 ☐ Page headers, *see* App. Rs. 43(H) and/or 54(F);

☐ Front page content, *see* App. Rs. 43(I), 51(E) and/or 54(F);

☐ Binding, *see* App. Rs. 43(J), 51(D) and/or 54(F);

and/or

☐ The document was conventionally filed but should have been electronically filed through the Indiana E-Filing System, see App. R. 68(C).

What We Have Done

Pursuant to a standing order of the Indiana Supreme Court dated _____, the Clerk has "received" (but not filed, *see* App. R. 23(D)), the defective document and any copies.

What You Must Do

**If you are currently incarcerated in a penitentiary, prison, or jail and are not represented by an attorney in the above-referenced matter, then you must correct the above defect(s) no later than twenty (20) business days from the date of this Notice. All other persons have ten (10) business days from the date of this Notice within which to correct the above-mentioned defect(s).**

If you **submit** a corrected document and all necessary copies that fully complies with the Appellate Rules to the Clerk by this deadline in accordance with Appellate Rule 23(A), then the chronological case summary (*i.e.*, the docket) shall show your original document as filed as of the date you filed the corrected document (although it will be deemed timely), and will show the original document as being served on the other parties as of the date shown on the corrected document's certificate of service.

If you **fail to submit** a fully compliant corrected document by this deadline, then the document and all copies will be returned to you without being filed. If you are the initiating party, this may result in the court on appeal dismissing your appeal, rehearing petition, petition for review, or transfer petition. If you are the non-initiating party, this may result in your being deemed to have failed to respond. *See, e.g.*, App. R. 45(D).

**You must make proper service of the corrected document and certify such with a new certificate of service pursuant to Appellate Rule 24.** Any time period for other parties to respond to the defective document shall be computed from the date the corrected document is served, *see* **App. Rs. 24, 25(C).**

This notice gives you the opportunity to correct the defect(s) identified above. You may <u>not</u> make substantive changes or changes that are not responsive to the defect(s) noted above to your document.

Clerk of the Indiana Supreme Court, Court of Appeals,
 and Tax Court

Date Issued:_____.

cc: